IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No.  02-cv-01827-RPM-GJR

TIBERIU KLEIN, individually and as
Executor of the Estate of CLAUDIA ZVUNCA,

      Plaintiff,

v.

WESLEY JAY TATUM and
GREYHOUND LINES, INC.,

      Defendants.

---

## ORDER OF DISMISSAL

---

      This action is one of two actions pending in this court arising out of the death of Claudia Zvunca.  On January 15, 2002, Claudia and her daughter Cristina Zvunca were traveling by bus from Las Vegas, Nevada to Chicago, Illinois, on a bus operated by Greyhound Lines, Inc. ("Greyhound") and driven by Wesley Jay Tatum ("Tatum").  During a stop at the Greyhound station in Grand Junction, Colorado, Claudia and Cristina got off the bus.  Claudia was struck and killed by the moving bus as she attempted to reboard. Cristina, who was then 8 years old, witnessed the accident.

      Claudia was married to Tiberiu Klein, a native of Romania who resides in Illinois. Cristina, a citizen of Romania, is Klein's stepdaughter.

      In 2002, Klein, "individually and as Executor of the Estate of Claudia Zvunca," filed suit against Greyhound and Tatum, in the Circuit Court for Cook County, Illinois, seeking recovery

under the Illinois Wrongful Death Act, 740 ILCS 180.  That action was removed and transferred to this court.  It does not include any claim for damages on behalf of Cristina, individually.

By order dated April 15, 2005, this court determined that an action then pending in Cook County, Illinois should take precedence over the Colorado action because the Illinois state court action also included claims against the bus manufacturer, Motorcoach Industries.

On July 19, 2010, Civil Action No. 10-cv-1701 was filed in this court by "Cristina Zvunca, a Romanian citizen, by and through her legal guardian Tiberiu Klein," alleging claims of negligence against Tatum and Greyhound.  Klein characterizes it as an action brought solely on behalf of Cristina Zvunca for her own personal injuries.  (Pl.'s resp. to order to show cause, dkt. 198.)  Paragraph 1 of the complaint in Civil Action No. 10-cv-1701 states:

> Tiberiu Klein is the duly appointed Legal Guardian of Cristina Zvunca. Mr. Klein was appointed Legal Guardian on July 18, 2008 when Ms. Zvunca was 14 years old.  Letters of Guardianship are attached hereto.

No "Letters of Guardianship" are attached to the complaint in Civil Action No. 10-cv-1701.  The claims alleged against Tatum in Civil Action No. 10-cv-1701 were dismissed without prejudice after Klein failed to effect service on Tatum.

On October 14, 2010, Greyhound moved to dismiss Civil Action No. 10-cv-1701, providing copies of pleadings and orders and evidence of a settlement agreement in an action entitled *Estate of Cristina Zvunca, a minor, by her Guardian Ad Litem, David J. Gubbins and MB Financial Bank, Administrator of the Estate of Claudia Zvunca, deceased v. Motor Coach Industries, Inc., Motor Coach Industries International, Inc., Greyhound Lines, Inc. and Wesley Jay Tatum*, Civil Action No. 07 L 3391, in the Circuit Court of Cook County, Illinois, Law Division ("Cook County Civil Action No. 07 L 3391").  The claims alleged in Cook County

Civil Action No. 07 L 3391 included wrongful death and survival claims of the Estate of Claudia Zvunca and Cristina's individual claim of emotional distress. (Def.'s Exs. G & H.) A Stipulation for Release and Settlement Agreement between those plaintiffs and Greyhound was negotiated in June 2010 and signed in September 2010. (Def.'s Exs. A, B, & E.) Although the plaintiffs' claims against Tatum in Cook County Civil Action No. 07 L 3391 had been dismissed for lack of personal jurisdiction (Def.'s Ex. D), the Settlement Agreement addressed the plaintiffs' claims against him. Greyhound agreed to pay on behalf of itself and on behalf of Tatum "cash sums and future periodic payments, ... having a total present value sum of $2,000,000," including, the amount of $1,001,965 for the purchase an annuity policy for the benefit of Cristina. (Def.'s Ex. E at pp. 2-3.) The Settlement Agreement provides for the release of all claims of the Estate of Claudia Zvunca and Cristina Zvunca against Wesley Jay Tatum and Greyhound Lines, Inc. (*Id.* at pp. 5-6.) The Settlement Agreement was signed by Greyhound, by Wesley J. Tatum, and by "The Honorable William J. Haddad on behalf of Cristina Zvunca, a minor, and the Estate of Claudia Zvunca." (Def.'s Ex. E at pp. 2-3.) In cases involving minors, Illinois law provides a trial court with authority to evaluate a settlement proposal and accept the settlement and execute all pertinent documents. *See Will v. Northwestern Univ.*, 378 Ill.App.3d 280, 881 N.E.2d 481 (1st Dist. 2007); *Ott v. Little Company of May Hospital*, 273 Ill. App. 3d 563, 652 N.E.2d 1051 (1st Dist. 1995).

By order entered September 24, 2010 (*nunc pro tunc*), the Cook County Circuit Court dismissed Cook County Civil Action No. 07 L 3391 with prejudice. (Def.'s Ex. B.) Greyhound states that Klein has appealed that order of dismissal, and Greyhound's petition for Probate

Court approval of the Settlement Agreement has been entered and continued, pending resolution of Klein's appeal.

Court orders provided by Greyhound show that in Cook County Civil Action No. 07 L 3391, the Cook County Circuit Court found that a conflict of interest exists between Klein and Cristina with respect to the litigation because they have competing claims to Claudia's Estate. (Def.'s Ex. H at 2-4.)  A guardian ad litem was appointed to represent Cristina's interest in the litigation and Claudia's Estate was represented by an administrator, according to Illinois law. The Cook County Circuit Court prohibited Klein and his attorneys from representing Cristina in any capacity with respect to the matters pending in Cook County Civil Action No. 07 L 3391. (Def.'s Ex. H at 8.)

This court must give full faith and credit to orders of the Circuit Court of Cook County. In this court Klein has not shown and cannot show that he has authority to represent the interests of Cristina or the Estate of Claudia Zvunca in litigation arising out of the bus accident.

Based on the foregoing, it is

ORDERED that this civil action is dismissed.

Date: June 30, 2011

BY THE COURT:

s/Richard P. Matsch

---

Richard P. Matsch, Senior District Judge