IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No.  02-cv-01827-RPM-GJR

TIBERIU KLEIN, individually and as
Executor of the Estate of CLAUDIA ZVUNCA,

       Plaintiff,

v.

WESLEY JAY TATUM and
GREYHOUND LINES, INC.,

       Defendants.

---

ORDER DENYING PLAINTIFF'S MOTION TO VACATE OR ALTER JUDGMENT

---

       Judgment entered on June 30, 2011, pursuant to the Order of Dismissal of that same date. On July 10, 2011, the Plaintiff, through counsel John Xydakis, moved pursuant to Fed.R.Civ.P. 59 to vacate or alter the judgment.  The Plaintiff's motion seeks reconsideration of the order of dismissal based on Mr. Klein's assertion that he has authority to represent the Estate of Claudia Zvunca in the continued pursuit of a wrongful death claim arising out of the bus accident on January 15, 2002.  The Plaintiff requests that this court "vacate the June 30, 2011 judgment Order, or vacate the June 30, 2011 judgment Order and allow briefing on the issue, or vacate the June 30, 2011 judgment Order and stay the proceedings, allow Mr. Klein to pursue his pending 2003 motion seeking appointment as administrator for Claudia's estate, alternatively, alter the June 30, 2011 judgment Order and dismiss the case for lack of jurisdiction or

alternatively for improper venue, and for any further and equitable relief as may be just." (Pl.'s mot. #202 at pp. 14-15.)

A motion to reconsider filed within ten days after entry of judgment is considered a motion under Fed.R.Civ.P. 59(e). *Servants of Paraclete v. Does*, 204 F.3d 1005, 1011 (10th Cir. 2000). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. . . [A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id*

The Plaintiff has not shown that reconsideration of the order of dismissal is warranted. Accordingly it is

ORDERED that the Plaintiff's Rule 59 motion to vacate or alter the judgment (#202) is denied.

Date: July 13, 2011

BY THE COURT:

s/Richard P. Matsch

Richard P. Matsch, Senior District Judge