IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No.  02-cv-01827-RPM-LTM

TIBERIU KLEIN, individually and as
Executor of the Estate of CLAUDIA ZVUNCA,

    Plaintiff,

v.

WESLEY JAY TATUM and
GREYHOUND LINES, INC.,

    Defendants.

---

## ORDERS

On October 15, 2013, the plaintiff moved for an order clarifying whether deadlines provided in the Scheduling Order dated April 30, 2003 (#39) are still in effect, and whether this Court considers this action to be governed by the law of Illinois or Colorado.

The defendant opposed the plaintiff's motion, arguing that no clarification is necessary. On October 16, 2013, the plaintiff moved for leave to file a reply for the purpose of addressing certain statements made by the defendant in opposition to the plaintiff's motion for clarification.

The plaintiff is granted leave to file a reply (#236) and his proposed reply (#236-1) is accepted for filing.

This court will not provide an advisory opinion about whether the deadlines stated in the Scheduling Order dated April 30, 2003 (#39) are an impediment to any strategy that the plaintiff intends to pursue.  Any request to modify the Scheduling Order will be determined upon facts

presented by motion and with due consideration of the applicable legal standard and any response by the opposing party.

The court has previously addressed choice-of-law issues in its order dated March 3, 2004, and at a motions hearing held on July 9, 2004. The order dated March 3, 2004, states, "the limitations on damages in Colorado law are not applicable in this case." That conclusion was based on this court's finding that "[t]he social and economic policies of [Illinois] are more significant than those of Colorado." Clarification was provided at the hearing held on July 9, 2004, when this court stated:

> Illinois law is applying in this case on the question of what's recoverable damages. The liability aspects of the case would be Colorado law. By that I mean the determination of fault, because that's the place where the death occurred.

Tr. July 9, 2004 at 31:3-10.

Consistent with those prior rulings, the law of Illinois governs the issue of whether Klein has authority to prosecute a wrongful death claim on behalf of the Estate of Claudia Zvunca.

Accordingly, it is

ORDERED that plaintiff's motion for leave to file a reply (#236) is granted and the plaintiff's proposed reply (#236-1) is accepted for filing, and it is

FURTHER ORDERED that the plaintiff's motion for clarification has been addressed as stated above.

Dated: October 25, 2013

BY THE COURT:

s/Richard P. Matsch
_____
Richard P. Matsch, Senior District Judge